# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:97cr203

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ALEXANDER SHERMAN McKENZIE. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Relief from Judgment pursuant to F.R.Civ.P. Rule 60(b)(6) [Doc. 42]; Motion for Appointment of Counsel [Doc. 44]; and Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. §3582(c)(2) [Doc. 46].

## PROCEDURAL HISTORY

The Defendant pled guilty to armed bank robbery and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§2113(d) & 924(c)(1). [Doc. 20]. He was sentenced on July 7, 1998 to 220 months imprisonment for the robbery to be followed by a five year consecutive

1

sentence for the firearm conviction. [Doc. 29]. On direct appeal, he claimed that he received ineffective assistance of counsel, a claim rejected by the United States Fourth Circuit Court of Appeals. United States v. McKenzie, 172 F.3d 865 (4th Cir. 1999).

On January 27, 2000, the Defendant moved pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence. McKenzie v. United States, Civil Case No. 1:00cv12. That motion was denied on February 24, 2000. Id.

In September 2001, the Defendant moved to modify his sentence pursuant to 18 U.S.C. §3582(c)(2). [Doc. 37]. That motion was denied on September 24, 2001. [Doc. 38]. In May 2003, the Defendant moved to reconsider his judgment of conviction, a motion promptly denied. [Doc. 40; Doc. 41].

On October 6, 2009, the Defendant moved for relief from his criminal judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) and made an unsupported assertion that the dismissal of his motion pursuant to §2255 was erroneous. [Doc. 42]. On the same day, he moved for court-appointed counsel. [Doc. 44].

On October 19, 2009, the Defendant filed a second motion to modify his

sentence pursuant to 18 U.S.C. §3582(c)(2). [Doc. 46].

**DISCUSSION**

**The motion for relief from judgment.**

Relying on Federal Rule of Civil Procedure 60(b)(6), the Defendant claims he is entitled to relief from the criminal judgment of conviction because (1) his "criminal history points" were improperly assessed by a finding that property was taken from a bank;[1] and (2) the United States Constitution does not authorize any crimes other than treason and counterfeiting. These are not the same issues raised in the Defendant's civil action brought pursuant to §2255; however, he did not file a Rule 60(b)(6) motion in that case.[2] Moreover, this Rule 60(b)(6) motion was filed with a cover letter from the Defendant in which he states that the Rule 60(b)(6) motion "is not to be construe[d] as any other motion, 3582, 2255, etc." [Doc. 42, at 1].

Because the Defendant did not file this motion in his civil case, the Court is left with no alternative but to construe his motion as one for

---

[1] The Defendant erroneously refers to criminal history points. His reference to U.S.S.G. §2B3.1 discloses that he is actually referring to his offense level.

[2] The Defendant made the blanket allegations that he is entitled to relief from his criminal judgment, the "court's ruling in his 2255 motion is in error and the integrity of the courts proceeding is erroneous." [Doc. 42].

3

reconsideration of his criminal conviction.  United States v. Hayes, 282 Fed.Appx. 281 **1 n. (4th Cir. 2008).  "Because the Federal Rules of Civil Procedure are inapplicable to criminal proceedings, [the Court will] evaluate[] [this] filing by reference to the applicable authorities governing motions for ... reconsideration of criminal judgments."  Id.; United States v. Leake, 96 Fed.Appx. 873 (4th Cir. 2004) (a defendant may not attack his criminal conviction using the rules of civil procedure).

The Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration or prescribe the time within which they must be filed.  Id., *quoting* Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985), *certiorari denied* 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985).  However, if a motion for reconsideration is filed before the order sought to be reconsidered becomes final, it extends the time for filing a notice of appeal.  United States v. Ibarra, 502 U.S. 1, 4 n.2, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991).  In such cases, the motion to reconsider may be entertained.

Here, the motion has been submitted ten years after the Defendant's criminal conviction became final.  United States v. Wells, 2009 WL 2942898 (4th Cir. 2009).  As a result, the motion is untimely and the Court will deny it. Id.; United States v. McKelver, 225 Fed.Appx. 185 (4th Cir. 2007), *certiorari*

*denied* 552 U.S. 914, 128 S.Ct. 266, 169 L.Ed.2d 194 (2007); Willis v. United States, 2009 WL 3150304 (W.D.N.C. 2009).

**The motion to modify pursuant to 18 U.S.C. §3582(c)(2).**

The Defendant claims he is entitled to relief pursuant to a sentencing range subsequently lowered by the Sentencing Commission. He argues that Amendment 709 to the Sentencing Guidelines, U.S.S.G. App. C, Supp., Amend. 709 (revising U.S.S.G. §4A1.2(a)(2)) concerning the computation of criminal history points, applies to him. However, Amendment 709 does not apply retroactively and therefore would not authorize a reduction in the Defendant's sentence. United States v. Holmes, 2009 WL 3138859 **1 (4th Cir. 2009), *citing* United States v. Dunphy, 551 F.3d 247, 249 n.2 (4th Cir. 2009), *certiorari denied* 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009) (an amendment to the Guidelines may be applied retroactively only when it is expressly listed in U.S.S.G. §1B1.10(c)). Amendment 709 is not listed in U.S.S.G. §1B1.10(c) and therefore may not be applied retroactively to the Defendant's case. Holmes, 2009 WL 3138859 **1; United States v. McLean, 323 Fed.Appx. 289 (4th Cir. 2009); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004) (only amendments listed in §1B1.10 may be the subject of a

motion under 18 U.S.C. §3582(c)(2)).

The Defendant invites the Court to transfer this issue to the United States Fourth Circuit Court of Appeals for a determination whether it may be treated as a second or successive motion pursuant to §2255. This is directly contrary to the Defendant's instruction that the motions should not be so considered. In any event, because the Fourth Circuit has clearly ruled on this issue, the Court declines to do so. See, McLean, 323 Fed.Appx. 289 (noting that although the district granted a certificate of appealability as to the issue, Amendment 709 is not retroactive); 28 U.S.C. §2255(h).

Although designated as a motion pursuant to 18 U.S.C. §3582(c)(2), the Defendant attempts to raise issues unrelated to an amendment to the guidelines range. He claims that the same firearm was involved in the armed bank robbery count and the §924(c) count; thus, he argues that his offense level was improperly enhanced. This same argument was made in the Defendant's §2255 motion. In ruling on that motion, the Court specifically noted that the "Petitioner's offense level was not enhanced due to the use of a firearm during the bank robbery. The presence report clearly states, 'no increase is given as he has been charged with and pled guilty to 18 U.S.C. §924(c)(1).'" [Doc. 36, at 7].

The Defendant also claims that his criminal history category was improperly calculated. That argument, as well, was raised and rejected. [Id., at 4].

**The motion for court-appointed counsel.**

The Defendant has also moved for court-appointed counsel. The denial of the motions moots the request for counsel.

Because none of these motions were brought pursuant to 28 U.S.C. §2255, the Court does not address the issue of a certificate of appealability.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Relief from Judgment pursuant to F.R.Civ.P. Rule 60(b)(6) [Doc. 42]; Motion for Appointment of Counsel [Doc. 44]; and Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. §3582(c)(2) [Doc. 46] are hereby **DENIED**.

Signed: December 10, 2009

Martin Reidinger
United States District Judge